IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

NADENE BETRIS LYONS,         )
                                    )
          Plaintiff,           )
                                    )
          v.               )   Civil Action No. 18-1106
                                    )
NANCY A. BERRYHILL, Acting   )
Commissioner of Social Security,   )
                                    )
          Defendant.       )

O R D E R

AND NOW, this 29th day of August, 2019, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision denying Plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. § 401 et seq., finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. § 405(g); Jesurum v. Secretary of U.S. Department of Health & Human Services, 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). See also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence,

nor reverse, merely because it would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1]     Plaintiff argues that the Administrative Law Judge ("ALJ") erred in formulating her residual functional capacity ("RFC") because he failed to properly evaluate the medical opinion evidence in this matter.  In the alternative, Plaintiff argues that the case should be remanded to the Commissioner on the basis of new evidence pursuant to sentence six of 42 U.S.C. § 405(g).  The Court disagrees and finds that substantial evidence supports the ALJ's decision that Plaintiff is not disabled and that remand is not warranted on the basis of the proffered new evidence.

Plaintiff first asserts that the ALJ erred in not giving sufficient weight to the opinions of her treating physician, Uma Purighalla, M.D. (R. 342, 344, 476-78, 480-83, 504, 512, 519-20, 533-34) in formulating her RFC.  Plaintiff is, of course, correct that when assessing a claimant's application for benefits, the opinion of the claimant's treating physician generally is to be afforded significant weight.  See Fargnoli v. Massanari, 247 F.3d 34, 43 (3d Cir. 2001); Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999).  In fact, the regulations provide that for claims, such as this one, filed before March 27, 2017, a treating physician's opinion is to be given "controlling weight" so long as the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques and not inconsistent with other substantial evidence in the record.  20 C.F.R. § 404.1527(c)(2); Fargnoli, 247 F.3d at 43; Plummer, 186 F.3d at 429.  As a result, the ALJ may reject a treating physician's opinion outright only on the basis of contradictory medical evidence, and not on the basis of the ALJ's own judgment or speculation, although he may afford a treating physician's opinion more or less weight depending upon the extent to which supporting explanations are provided.  See Plummer, 186 F.3d at 429.  However, it is also important to remember that:

> The ALJ -- not treating or examining physicians or State agency consultants -- must make the ultimate disability and RFC determinations.  Although treating and examining physician opinions often deserve more weight than the opinions of doctors who review records, "[t]he law is clear . . . that the opinion of a treating physician does not bind the ALJ on the issue of functional capacity[.]"  Brown v. Astrue, 649 F.3d 193, 197 n. 2 (3d Cir.2011).  State agent opinions merit significant consideration as well.

Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 361 (3d Cir. 2011) (internal citations omitted in part).

Here, Plaintiff argues that the ALJ erred in not adopting the limitations to which Dr. Purighalla opined at various points in the record, which were substantially more restrictive than those included in the RFC.  However, the ALJ discussed Dr. Purighalla's opinions in substantial detail and provided a sufficient basis for giving the opinions little weight.  Specifically, he

discussed Dr. Purighalla's lack of expertise, inconsistencies between Dr. Purighalla's opinions and the medical record, internal inconsistencies among the opinions, and the fact that Dr. Purighalla had included a number of serious restrictions that had no record support whatsoever. (R. 36-37). The ALJ also pointed out that Dr Purighalla's opinions were inconsistent with those of Dr. Alexander Kandabarow (R. 780) and Paul Fox, M.D. (R. 91-103, 104-16), the state reviewing agent. In fact, the ALJ assigned only partial weight to these opinions, finding Plaintiff to be more limited than opined by Drs. Kandabarow and Fox. (R. 36-37). In essence, then, the ALJ did precisely what he was supposed to do – weigh and consider the various opinions, in light of the evidence, in determining Plaintiff's RFC. The Court notes that the ALJ also discussed Plaintiff's inconsistent treatment, her lack of compliance with treatment, and her activities of daily living, supporting his findings with citations to the record. (R. 36-37). In light of all of this, the Court finds the ALJ's consideration of the medical opinions and his formulation of the RFC to be supported by substantial evidence.

As noted, Plaintiff alternatively argues that the case should be remanded to the Commissioner for further consideration in light of new evidence – specifically a Functional Capacity Evaluation completed by NovaCare on May 8, 2018. (R. 7-20). The Appeals Council declined to consider this evidence in reviewing the ALJ's decision (R. 2), which Plaintiff contends was in error.

It is well-established that evidence that was not before the ALJ cannot be considered by a district court in its determination of whether or not the ALJ's decision was supported by substantial evidence. See Matthews v. Apfel, 239 F.3d 589, 594 (3d Cir. 2001); Chandler v. Commissioner of Soc. Sec., 667 F.3d 356, 360 (3d Cir. 2011). Accordingly, the Court cannot rely on any records not submitted to the ALJ in making its determination here. As discussed herein, based on the record before the ALJ at the time he issued his decision, substantial evidence supported his finding that Plaintiff was not disabled.

However, a district court can remand a case on the basis of new evidence under sentence six of 42 U.S.C. § 405(g). Section 405(g) provides, in relevant part:

> [The court] may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for failure to incorporate such evidence into the record in a prior proceeding.

To remand a case based on new evidence which has not been presented to the ALJ, the Court must determine that the following criteria have been met: First, the evidence must be new and not merely cumulative of what is in the record. Second, the evidence must be material. This means that it must be relevant and probative, and there must be a reasonable possibility that the new evidence would have changed the outcome of the determination. Third, the plaintiff must demonstrate good cause for not having incorporated the new evidence into the administrative record. See Matthews, 239 F.3d at 594; Szubak v. Secretary of Health & Human Services, 745 F.2d 831, 833 (3d Cir. 1984). Plaintiff cannot meet this burden.

Because the Functional Capacity Evaluation at issue was not included in the record before the ALJ, and, indeed, did not exist until well after he issued his decision, the Court will assume that it is new and not merely cumulative of what is in the record. However, the Evaluation significantly postdates the ALJ's decision and is therefore not material, since it does not relate to the relevant time period. See Szubak, 745 F.2d at 833 ("An implicit materiality requirement is that the new evidence relate to the time period for which benefits were denied, and that it not concern evidence of a later-acquired disability or of the subsequent deterioration of [a] previously non-disabling condition."); Rainey v. Astrue, Civ. No. 11-125-E, 2012 WL 3779167, at *8 (W.D. Pa. Aug. 31, 2012). The Evaluation was prepared on May 8, 2018, approximately a month and a half after the ALJ issued his decision. Although it references an injury date of November 1, 2017, it clearly pertains primarily to an examination performed on May 8. There is no indication as what, if any, prior medical records were considered in the preparation of the Evaluation. It therefore appears to provide an opinion of Plaintiff's condition six weeks after the relevant time period. While this time gap is not so large as to render the Evaluation irrelevant in and of itself, without more indication of an intent and an attempt to refer to the relevant period, there is little basis for relating the Evaluation back to the time period before the ALJ's decision. Moreover, to the extent the Evaluation was based on evidence that had been available prior to the ALJ's decision, it would merely be derivative and not new and material. See Perkins v. Chater, 107 F.3d 1290, 1296 (7th Cir. 1997); Cunningham v. Colvin, Civ. No. 1:13-cv-01659, 2014 WL 4626506, at *10 (M.D. Pa. Sept. 15, 2014).

Regardless, even if the Evaluation were found to be material, Plaintiff has not demonstrated good cause for failing to present the evidence to the ALJ. By her own admission, Plaintiff waited to obtain the Evaluation until finding out that the ALJ had denied her claim. It was her obligation, though, to present her best case to the ALJ, not to wait to see whether she liked his decision to decide whether to submit rebuttal evidence. Such "sand-bagging" does not constitute good cause. See Glover v. Comm'r of Soc. Sec., No. 1:09-cv-520, 2010 WL 2671291, at *5 (W.D. Mich. June 10, 1010) ("The sentence six 'good cause' requirement is not met by the solicitation of a medical opinion to contest the ALJ's decision.") (citing Perkins, 107 F.3d at 1296 and Koulizos v. Secretary of Health and Human Servs., No. 85-1654,1986 WL 17488, at *2 (6th Cir. Aug. 19, 1986)). Moreover, there does not appear to have been any reason why Plaintiff could not have obtained the Evaluation prior to the ALJ's decision. Dr. Purighalla, who had been treating Plaintiff for some time prior to the hearing, referred her to NovaCare. Further, while Plaintiff alleged vaguely that she had financial and insurance reasons for waiting to get the Evaluation, she does not indicate what those reasons were with any specificity, nor does she attempt to explain why the financial impediment to obtaining such records ended shortly after the ALJ rendered his decision. The Court further notes that, aside from some additional records regarding Plaintiff's cancer, counsel indicated at the hearing that the record was complete. (R. 47).

It is possible that Plaintiff's condition has deteriorated since the time of the ALJ's decision, but that does not warrant a new evidence remand. See Szubak, 745 F.2d at 833. If Plaintiff believes that her condition has significantly worsened since March 27, 2018, her remedy is to file a new application for that new time frame.

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (document No. 7) is DENIED and that Defendant's Motion for Summary Judgment (document No. 14) is GRANTED.

<u>s/Alan N. Bloch</u>
United States District Judge

ecf:        Counsel of record

---

Plaintiff also makes a cursory argument that the ALJ erred in finding that she did not meet the requirements of Listings 13.14 (pertaining to lung cancer) and/or 14.09 (pertaining to inflammatory arthritis/fibromyalgia), 20 C.F.R. Part 404, Subpart P, Appendix 1, at Step Three of the sequential analysis. However, Plaintiff does not really develop the argument or explain why she meets these listings. Indeed, the ALJ addressed Plaintiff's lung cancer and fibromyalgia, finding nether to constitute a severe impairment at Step Two. (R. 32). Substantial evidence supports his findings.

Accordingly, for all of the reasons stated herein, the Court affirms the ALJ's decision.